UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SYLVESTER R. LAVIGNE, JR.

VERSUS

STATE OF LOUISIANA, THROUGH
THE DEPARTMENT OF JUSTICE,
J. BRETT SMITH, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY,
WAYNE A. MELANCON, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY, AND
ACADIA PARISH SHERIFF'S OFFICE

CIVIL ACTION

NO. 09-273-HGB-JW

## RULINGS

This matter is before the court on a motion by defendants, Wayne A. Melancon and the Acadia Parish Sheriff's Office, captioned as a motion for summary judgment (doc. 7); and on a motion by defendants, J. Brett Smith and the State of Louisiana, through the Department of Justice, for partial dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (doc. 8). Both motions are opposed by plaintiff, Sylvester R. Lavigne (docs. 9 & 10, respectively). Jurisdiction is based upon 28 U.S.C. §1331. There is no need for oral argument and the matter is now submitted.

## BACKGROUND

Plaintiff initiated this action on April 17, 2009, in the Eighteenth Judicial District Court for the Parish of Iberville. He alleges that defendants violated his rights under the Constitution of the United States of America and under Louisiana State law when

they falsely arrested and imprisoned him and maliciously prosecuted him for the crime of Conspiracy to Commit a Felony.[1]

According to the petition, plaintiff was arrested on February 12, 2008, pursuant to a warrant that was issued "solely upon the Affidavit of one J. Brett Smith, an investigator with the Louisiana Department of Justice." (Petition, ¶¶ 2-3,6). The petition also alleges that the investigation that led to the arrest was conducted by the Louisiana Department of Justice, and that the arrest was effected by representatives of the Louisiana Attorney General's Office in Iberville Parish. (*Id.* at ¶¶ 4, 12). Plaintiff further alleges that he was then transported to the Acadia Parish Sheriff's Office where, with the knowledge, consent, and approval of Sheriff Melancon, he was formally arrested and charged with the crime of Conspiracy to Commit Felony Theft, and imprisoned until February 14, 2008, when he was released on bond. (*Id.* at ¶¶ 10, 13-15)). During that period, he was verbally accosted, taunted and threatened by defendant, Smith. (*Id.* at ¶ 16). Less than four months later, the District Attorney for the Fifteenth Judicial District Court declined to prosecute plaintiff. (*Id.* at ¶ 17).

In both of the present motions, defendants argue that plaintiff's claims of false arrest and false imprisonment prescribed in February of 2009, approximately two months prior to the date on which plaintiff filed suit. Plaintiff acknowledges that unless prescription was interrupted or suspended, his claims of false arrest and

---

[1]The petition cites LSA–R.S. §14:26 and LSA–R.S. §14:67 (petition, ¶ 2).

imprisonment prescribed. However, plaintiff argues that prescription was interrupted because Donald Rogers, another individual who had been arrested, charged, and imprisoned pursuant to the same alleged criminal misconduct, filed a timely suit for false imprisonment. Plaintiff argues that he and Rogers are solidary obligees, and pursuant to La.Civ.Code art. 1793, "[a]ny act that interrupts prescription for one of the solidary obligees benefits all the others."

In addition to their argument regarding prescription of the false arrest and false imprisonment claims, defendants, Wayne Melancon and the Acadia Parish Sheriff's Office, further argue that the court "should dismiss the action" against them because the petition fails to allege facts which state an actionable claim against them (doc. 7-2, p. 4).

## LAW AND DISCUSSION

"For starters, a court is not bound by how a party labels its motion. Obviously, "'[t]he relief sought, that to be granted, or within the power of the court to grant, should be determined by substance, not a label.'" *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 560 (5th Cir. 2003) (quoting, *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir.1996) (*en banc*) (alteration in original; internal quotation omitted). Though the motion submitted by Wayne Melancon and the Acadia Parish Sheriff's Office (doc. 7) is captioned as a motion for summary judgment, it is in substance a motion to dismiss for failure to state a claim upon which relief can be granted. Defendants do not challenge any non-conclusory,

factual allegation made in the petition, and have not submitted any evidence outside of the pleading in connection with the motion.[2] Moreover, with one exception, the statement of material facts to which there is no genuine dispute simply quotes from the petition and states a conclusion of law. The single exception is neither disputed by plaintiff nor relevant to this ruling.[3]

Accordingly, both motions are treated herein as motions for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In determining whether a plaintiff has stated a claim sufficient to avoid dismissal under Rule 12(b)(6), the well-pleaded facts alleged in his complaint are accepted as true and the allegations are construed in the light most favorable to him. *Arias-Benn v. State Farm Fire & Casualty Insurance Co.*, 495 F.3d 228, 230 (5th Cir. 2007); *Milofsky v. American*

---

[2]Plaintiff did submit the petitions of Donald Rogers as evidence that Rogers had filed suit as alleged in the petition (doc. 7, Ex. A). The submission, however, plays no part in this ruling because, as noted *infra,* for purposes of a 12(b)(6) motion, the well-pleaded facts alleged in the complaint are accepted as true. Because plaintiff alleged in the petition that Donald Rogers filed a timely suit for false arrest (petition, ¶ 52), the court need not look beyond the face of the pleading to establish that fact for purposes of the present motion.

[3]The exception precedes a quote taken from the petition and restates the substance of Paragraph Five of the petition, but, unlike the petition, it adds the name of the judge who signed the arrest warrant. It reads:

> Sylvester R. Lavigne, Jr., was arrested after the issue of a Warrant of Arrest signed on January 31, 2008, by Judge Kristian Earles of the Fifteenth Judicial District Court for Acadia Parish, Louisiana.

(Doc. 7-3, ¶ 2).

*Airlines, Inc.*, 404 F.3d 338, 341 (5th Cir. 2005). The court does not look beyond the face of the pleadings when determining whether a plaintiff has stated a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Nevertheless, the court does not accept as true conclusory allegations, unwarranted factual inferences or legal conclusions. *Central Laborer's Pension Fund. v. Integrated Electrical Services, Inc.*, 497 F.3d 546, 550 (5th Cir. 2007). A complaint warrants dismissal if it "fail[s] *in toto* to render plaintiff's entitlement to relief plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, n. 14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (emphasis in original).

**Claims of False Arrest and Imprisonment**

The only issue before the court in determining whether plaintiff's claims of false arrest and imprisonment are prescribed is whether, as a matter of law, Sylvester Lavigne and Donald Rogers are solidary obligees such that the filing of a claim by Donald Rogers interrupted prescription for Sylvester Lavigne under Article 1793 of the Louisiana Civil Code. The Louisiana Civil Code provides that "[s]olidarity of obligation shall not be presumed. A solidary obligation arises from a clear expression of the parties' intent or from the law." La.Civ.Code. art. 1796. "An obligation is solidary for the obligees when it gives each obligee the right to demand the whole performance from the common obligor." La.Civ.Code art. 1790. The code also provides that "[b]efore a solidary obligee brings action for performance, the

5

obligor may extinguish the obligation by rendering performance to any solidary obligee." La.Civ.Code art. 1792.

Thus, if Sylvester Lavigne and Donald Rogers were solidary obligees, either would be entitled to demand whatever obligation might be owed by defendants to the other. Moreover, such performance delivered to either person would extinguish any obligation owed by defendants to the other. Clearly, that is not the case, and the court finds that Sylvester Lavigne and Donald Rogers are not solidary obligees with regard to their claims of false arrest and imprisonment.

Having found that Donald Rogers and Sylvester Lavigne are not solidary obligees, the court concludes that prescription was not interrupted when Donald Rogers filed his action in state court. Therefore, the claims of false arrest and false imprisonment are prescribed, and the petition, accordingly, fails to state claims of false arrest and false imprisonment upon which relief can be granted.

**Claims of Malicious Prosecution**

"Never favored in our law, a malicious prosecution action must clearly establish that the forms of justice have been perverted to the gratification of private malice and the willful oppression of the innocent." *Kennedy v. Sheriff of East Baton Rouge*, 935 So.2d 669, 690 (La.2006) (citing *Johnson v. Pearce*, 313 So.2d 812, 816 (La.1975). "The elements necessary to support a claim for malicious prosecution are: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff

who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff." *Id.*

The nonconclusory, factual allegations set forth in the petition, even if assumed for purposes of the present motion to be true, would impose no liability on either Sheriff Melancon or the Acadia Parish Sheriff's Office.[4] The only nonconclusory, factual allegations made against Sheriff Wayne Melancon or the Acadia Parish Sheriff's Office are that plaintiff was imprisoned in the Acadia Parish Detention Center for two days after being formally arrested at the Acadia Parish Sheriff's Office, pursuant to a warrant, and with the knowledge, consent, and approval of Sheriff Wayne Melancon. Accordingly, the petition fails to state any claim against Sheriff Wayne Melancon or the Acadia Parish Sheriff's Office upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the motion by defendants, Wayne A. Melancon and the Acadia Parish Sheriff's Office (doc. 7), is hereby **GRANTED**, and all claims

---

[4]The court also notes that, though defendants in their memorandum in support of the motion clearly argued that "the doctrine of *respondeat superior* has no place in a civil rights action brought under Section 1983," and that plaintiff failed to allege facts sufficient to state a claim against Sheriff Melancon (doc. 7-2, p. 4), plaintiff's counsel did not attempt to argue to the contrary. Counsel, instead, argued only that prescription had not run with regard to the claim of malicious prosecution, thus addressing an argument not even made by the defendants.

asserted against those defendants are hereby **DISMISSED** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The motion by defendants, J. Brett Smith and the State of Louisiana, through the Department of Justice, for partial dismissal (doc. 8), is hereby **GRANTED** and the claims of false arrest and imprisonment are hereby **DISMISSED** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

New Orleans, Louisiana, May 3rd, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE