**SYLVESTER R. LAVIGNE, JR.**                    **CIVIL ACTION**

**VERSUS**                                        **NO. 09-273**

**STATE OF LOUISIANA, DEPARTMENT**                **SECTION: "C" (2)**
**OF JUSTICE, ET AL.**

## ORDER

Before the Court are Defendants' Motion for Summary Judgment, (Rec. Doc. 33), and

Plaintiff's Second Motion for Leave to File Amended Complaint, (Rec. Doc. 34). Having reviewed

the memoranda of counsel and the applicable law, the motion for summary judgment is GRANTED

and the motion for leave to amend is DENIED for the following reasons.

Plaintiff's only remaining claim before this Court is a Louisiana state law claim for malicious

prosecution. (Rec. Doc. 15 at 8; Rec. Doc. 1-1). The Fifth Circuit has recently held that the

elements of that cause of action are:

> "(1) the commencement or continuation of an original criminal or civil proceeding;
> (2) its legal causation by the present defendant in the original proceeding; (3) its
> bona fide termination in favor of the present plaintiff; (4) the absence of probable
> cause for such proceeding; (5) the presence of malice therein; and (6) damage
> conforming to legal standards resulting to plaintiff.

*Deville v. Marcantel*, 567 F.3d 156, 173 (5th Cir. 2009) (citing *Jones v. Soileau*, 448 So.2d 1268,

1271 (La. 1984)). The Fifth Circuit went on to hold that if a district attorney exercises his or her

power to *nolle prosse* the charges against a plaintiff, then that plaintiff has not obtained a bona fide

termination in his or her favor, but rather has only obtained a procedural dismissal of the charges.

*Id.* Here neither party disputes that the district attorney decided to *nolle prosse* the charges against

Plaintiff. (Rec. Doc. 22-1 at 7; Rec. Doc. 38 at 5; Rec. Doc. 38-5). As a result, Plaintiff has not

obtained a bone fide termination in his favor and therefore cannot prevail on his Louisiana malicious prosecution claim. *Deville*, 567 F.3d at 176. When a party fails to establish an element essential to that party's case, then summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Similarly, Plaintiff's motion to amend his complaint must be denied, as he only seeks to amend his complaint in order to assert malicious prosecution claims against Detective Dennis Fruge and Sheriff Wayne Melancon. (Rec. Doc. 34 at 7). Because these claims all arise out of the same prosecution, which ended when the district attorney decided to *nolle prosse* the charges against Plaintiff, then they would also fail to state a claim for malicious prosecution, making any amendment futile. *See In re Westec Corp.*, 434 F.2d 195, 204 (5th Cir. 1970) (upholding denial of leave to amend when the amended pleading only asserted unsupported legal theories).

Accordingly,

IT IS ORDERED that Defendants' motion for summary judgment is granted and Plaintiff's remaining claim against Defendants is dismissed. (Rec. Doc. 33).

IT IS FURTHER ORDERED that Plaintiff's Second Motion for Leave to File Amended Complaint is DENIED. (Rec. Doc. 34).

New Orleans, Louisiana, this 9th day of May, 2011.


HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE